




FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

' 2011 JUN 24  A 11: 27

CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

Rod J. Rosenstein
United States Attorney

Judson T. Mihok
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4903
MAIN: 410-209-4800
FAX: 410-962-3091
TTY/TDD: 410-962-4462
Judson.Mihok@usdoj.gov

May 5, 2011

Patrick Kent
Office of the Federal Public Defender
 For the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

> Re:   Plea Agreement in the Case of
>        <u>United States v. Patricia Ann Tasker WMN 10-0739</u>

Dear Mr. Kent :

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have her execute it in the spaces provided below. If this offer has not been accepted by close of business on May 13, 2011, it will be deemed withdrawn.

The terms of the agreement are as follows:

Offense of Conviction

1.      The Defendant agrees to plead guilty pursuant to the Indictment charging her with Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2).   The Defendant admits that she is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:



a.      That on or about August 16, 2010, in Maryland, the Defendant knowingly possessed a visual depiction;

b.      That the visual depiction was produced using materials that had been transported in or affecting interstate or foreign commerce;

c.      That the visual depiction was a minor engaged in sexually explicit conduct; and

d.      That the Defendant knew of the sexually explicit nature of the material and that the visual depictions were of minors engaged in that sexually explicit conduct.

## Penalties

3.      (a)      The maximum sentence provided by statute for the offense to which your client is pleading guilty is not more than (10) years, followed by a term of supervised release of not more than life and a fine of $250,000.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if she serves a term of imprisonment, is released on supervised release, and then violates the conditions of her supervised release, her supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

(b)      The Defendant understands and agrees that as a consequence of her conviction for the crimes to which she is pleading guilty, she will be required to register as a sex offender in the place where she resides, where she is an employee, and where she is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence.  Failure to do so may subject her to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, she surrenders certain rights as outlined below:

a.      If the Defendant had persisted in her plea of not guilty, she would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.  If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in her defense, however, she would have the subpoena power of the Court to compel the witnesses to attend.

d.  The Defendant would have the right to testify in her own defense if she so chose, and she would have the right to refuse to testify.  If she chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from her decision not to testify.

e.  If the Defendant were found guilty after a trial, she would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against her.  By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.  By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.  By pleading guilty, the Defendant understands that she may have to answer the Court's questions both about the rights she is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against her during a trial except in a criminal proceeding for perjury or false statement.

g.  If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find her guilty.

h.  By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.  The Defendant recognizes that if she is not a citizen of the United States, pleading guilty may have consequences with respect to her immigration status.  Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States.  Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any potential immigration consequences.

<u>Advisory Sentencing Guidelines Apply</u>

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

<u>Possession of Child Pornography</u>

(a)     The base offense level is eighteen (18) pursuant to U.S.S.G. §2G2.2(a)(1).

(b)     Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

(c)     Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the offense involved the use of a computer.

(d)     Pursuant to U.S.S.G. §2G2.2(b)(7)(A), there is a two (2) level increase because the offense involved at least 10, but fewer than 150, images.

(e)     The resulting base offense level is **24**.

<u>Relevant Conduct–Production of Child Pornography</u>

The Guidelines calculation must also take into consideration the fact that the Defendant Produced Child Pornography. U.S.S.G. §1B1.2(c).  The applicable Guidelines follow:

(a)     The base offense level is thirty-two (32)  pursuant to U.S.S.G. §2G2.1(a).

(b)     Pursuant to  U.S.S.G. §2G2.1(b)(1), there is a four (4) level increase because the victim in this case was under the age of 12 at the time of the offense.

(c)     Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because there was commission of a sexual act or sexual conduct.

(d)     Pursuant to U.S.S.G. §2G2.1(5), there is a two (2) level increase because the minor was in the custody, care or supervisory control of the defendant.

(e)     The resulting base offense level is **40**.

Grouping

Pursuant to U.S.S.G. §§1B1.2 and 3D1.4, the above-referenced groups do not group. Since the highest offense level (40) is more than nine (9) offense levels than the next highest offense level, the final offense level is **40**.

Acceptance of Responsibility

(a)     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct.  This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct.  This Office may oppose *any* adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c)  gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

Thus, the final anticipated base offense level is **37**.  However, since the range provided exceeds  the statutory maximum sentence for a conviction for Possession of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. §§2252(a)(4)(B) and (b)(2), the advisory U.S.S.G. range is 120 months.

7.     The Defendant understands that there is no agreement as to her criminal history or criminal history category, and that her criminal history could alter her offense level if she is a career offender or if the instant offense was a part of a pattern of criminal conduct from which she derived a substantial portion of his income.

8.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range,  no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3,  4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

Obligations of the United States Attorney's Office

9.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(C), **a sentence of between 37 months and 46 months imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case.** The parties jointly recommend and agree that a sentence within this range, which represents a substantial variance, is in the interests of justice in light of several mitigating factors. This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, she will be afforded the opportunity to withdraw her plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A).   At the time of sentencing, the United States Attorney's Office will recommend a sentence of between 37 months and 46 months, as well as a period of between 5 years and lifetime of supervised release.

      10.    The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

<u>Waiver of Appeal</u>

      11.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

      a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

      b.    The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **46 (forty-six) months;** (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **37 (thirty-seven) months.**

      c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

      d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Restitution

12.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that she will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Forfeiture

13.     The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from her residence on August 16, 2010. The Defendant further agrees to take whatever steps are necessary to pass clear title to the property to the United States or any State authority. Those items include, but are not limited to, a Toshiba Satellite laptop, model: L505-S5990, s/n: 99353412Q, with accompanying hard disk drive.

## Obstruction or Other Violations of Law

14.     The Defendant agrees that she will not commit any offense in violation of federal, state or local law between the date of this agreement and her sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for her conduct by failing to acknowledge her guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that she may not withdraw her guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw her guilty plea, and will remain bound to fulfill all of her obligations under this agreement. The Defendant understands that neither the prosecutor, her counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

16.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:_____

Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_6/17/11_
Date

_Patricia Tasker_
Patricia Ann Tasker

I am Ms. Tasker's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with her. She advises me that she understands and accepts its terms. To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

_6/17/11_
Date

Patrick Kent, Esquire

**EXHIBIT A**
**STIPULATED FACTS**

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Patricia Ann Tasker (TASKER), age 19, is a resident of Hagerstown, Maryland.

TASKER moved into a residence to assume care taking responsibilities of a minor female, 8 years old, hereinafter Jane Doe 1, in June, 2010. In August, 2010, the mother of Jane Doe 1 reported to the Washington County Sheriff's Office that she had been shown a video of Jane Doe 1 by TASKER which was on TASKER'S laptop that depicted Jane Doe 1 in sexually explicit conduct, to include the lascivious exhibition and penetration of her vagina with a foreign object. Jane Doe 1's mother provided TASKER'S laptop to the Washington County Sheriff's Office who obtained a search warrant for the laptop computer.

Pursuant to the search warrant, Washington County Sheriff's Office personnel examined TASKER'S laptop, further described as a Toshiba Satellite laptop, model: L505-S5990, s/n: 99353412Q, with accompanying hard disk drive. The hard disk drive contained a video entitled "Video_00013.wmv" approximately six minutes and forty seconds in length, which depicts Jane Doe 1 naked from the waist down engaged in the sexually explicit conduct described above. TASKER created the visual depiction by recording it on her Toshiba Satellite Laptop, and the activity engaged in by Jane Doe 1 was done at her request, prompting and/or urging.

TASKER possessed this video by virtue of storing it on her laptop computer. TASKER knew the video depicted a prepubescent minor engaged in sexually explicit conduct, specifically Jane Doe 1, as TASKER was responsible for the creation of the video. In addition, the video was

1

produced using materials that had traveled in or affected interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

6/17/11
Date

Patricia Ann Tasker

6/17/11
Date

Patrick Kent, Esq.

2